UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.

RA'QWON LA'RICKY CRAWFORD,
a/k/a Raqwon Laricky Crawford,
            *Defendant-Appellant.*

No. 00-4630

Appeal from the United States District Court
for the Western District of North Carolina, at Charlotte.
Richard L. Voorhees, District Judge.
(CR-99-124-V)

Submitted: May 10, 2001

Decided: May 23, 2001

Before WIDENER, LUTTIG, and WILLIAMS, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

### COUNSEL

Scott Haden Gsell, LAW OFFICE OF SCOTT GSELL, Charlotte, North Carolina, for Appellant. C. Nicks Williams, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

Ra'Qwon La'Ricky Crawford was convicted pursuant to his guilty plea of being a felon in possession of a firearm. Crawford's attorney has filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), alleging that the district court erred by denying Crawford's request for an additional one level downward adjustment under U.S.S.G. § 3E1.1(b)(2).[1] Although advised of his right to file a pro se supplemental brief, Crawford has not done so. Finding no reversible error, we affirm.

Pursuant to U.S.S.G. § 3E1.1(b)(2), a defendant is entitled to an additional one level reduction in his base offense level if he enters a timely guilty plea, thus allowing the Government to avoid the expense of preparing for trial. In the present case, the district court found that Crawford's guilty plea, entered on the day of trial, was untimely. We review the district court's decision for clear error and find none.[2] The jury had already been selected and was waiting in the jury room to be seated. Such a "last minute" guilty plea is inconsistent with complete acceptance of responsibility.[3]

We have examined the entire record in this case in accordance with the requirements of *Anders* and find no meritorious issues for appeal. The court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may

---

[1] *U.S. Sentencing Guidelines Manual* (2000).

[2] *United States v. Jones*, 31 F.3d 1304, 1315 (4th Cir. 1994).

[3] *See United States v. Altier*, 91 F.3d 953, 958-59 (7th Cir. 1996) (holding that a plea entered the day before trial was untimely).

move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

We therefore affirm Crawford's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*